932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS, Defendant-Appellee.
 No. 91-1041.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1991.
 
 W.D. Mich., No. 89-00261; Enslen, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 4
 Raymond Jackson, a pro se federal prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1986, Jackson was sentenced by a federal court to one year imprisonment and a $2000 "committed fine" pursuant to 18 U.S.C. Sec. 3565. In 1989, Jackson was discharged from the committed fine and released to Michigan state authorities where he is presently serving a Michigan detainer. Seeking monetary relief, Jackson sued the Federal Bureau of Prisons alleging he was held in prison two years past the mandatory release date because he could not pay his committed fine. Defendant filed a motion to dismiss and Jackson responded. The magistrate recommended the motion be granted, finding that Jackson's sole federal remedy was a writ of habeas corpus because he challenged the duration of his physical imprisonment. The magistrate also found that Jackson had failed to state a claim under Sec. 1983 because the defendant was not acting pursuant to state law. The district court adopted the magistrate's recommendation after reviewing Jackson's objections.
 
 
 6
 Upon review, we affirm the district court's judgment. Jackson failed to state a claim under Sec. 1983 because the Bureau was not a state actor for Sec. 1983 purposes because it did not act under color of state law when it executed Jackson's federal sentence. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982). Moreover, Jackson's rights were not violated, as a review of the record indicates that Jackson was afforded the full panoply of administrative procedures available under 18 U.S.C. Sec. 3569. His committed fine was upheld until Jackson's circumstances changed, at which time he was released from prison.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation